Richard M. Wirtz (SBN 137812)
rwirtz@wirtzlaw.com
Erin K. Barns (SBN 286865)
ebarns@wirtzlaw.com
Joshua N. Sams (SBN 279682)
jsams@wirtzlaw.com
**W I R T Z   L A W  APC**
4365 Executive Drive, Suite 1460
San Diego, CA 92121
voice:        858.259.5009


Thomas D. Foster (SBN 213414)
**TD FOSTER - INTELLECTUAL PROPERTY LAW**
11622 El Camino Real, Suite 100
San Diego, CA 92130
voice:        858.922.2170
email:        foster@tdfoster.com

Attorneys for Plaintiff NAYRI GREGOR

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAYERI LEANNA GREGOR aka NAYRI, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>CHRISTOPHER MAURICE BROWN aka CHRIS BROWN, an individual, SONY MUSIC ENTERTAINMENT, a Delaware Partnership, SONY CORPORATION OF AMERICA, a New York Corporation, BRIAN KENNEDY, an individual, ALAIN WHYTE, an individual, ALLESSANDRO BENASSI, an individual, MARCO BENASSI aka BENNY BENASSI, an individual, JEAN-BAPTISTE aka FREESCHOOL, an individual, MICHAEL McHENRY, an individual, NICK MARSH aka PUBLIC, an individual, PRISCILLA HAMILTON aka PRISCILLA RENEA, an individual, RYAN BUENDIA, an individual, WILLIAM ORBIT, an individual, and DOES 1-50, inclusive,<br><br>        Defendants. | Case Number:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1.    Copyright Infringement (17 U.S.C. § 501)<br>2.    Unfair Competition (Cal. Bus. & Prof. Code § 17200, *et. seq.*)<br>3.    Breach of Confidence<br>4.    Fraud<br>5.    Misappropriation of Idea<br><br><br><br>**DEMAND FOR JURY TRIAL** |

WIRTZ LAW APC
TRIAL ATTORNEYS
Business | Real Estate | Employment | Intellectual Property
4365 Executive Drive, Suite 1460
San Diego, CA 92121
858.259.5009
1801 Century Park East, 23rd Floor
Los Angeles, CA 90067
310.226.5151

# COMPLAINT

Plaintiff NAYERI LEANNA GREGOR aka NAYRI ("Plaintiff" or "Gregor") alleges as follows:

1.     This action arises from the unauthorized use and copying of constituent original elements of Plaintiff's copyrighted musical work, "Don't Wake Me Up," by SONY MUSIC ENTERTAINMENT, a Delaware Partnership, SONY CORPORATION OF AMERICA, a New York Corporation, CHRISTOPHER MAURICE BROWN (aka "Chris Brown"), and individual, BRIAN KENNEDY, an individual, ALAIN WHYTE, an individual, ALLESSANDRO BENASSI, an individual, MARCO BENASSI, an individual, JEAN-BAPTISTE, an individual, MICHAEL McHENRY, an individual, NICK MARSH, an individual, PRISCILLA HAMILTON, an individual, RYAN BUENDIA, an individual, and WILLIAM ORBIT, an individual, combined songwriters and producers (collectively "Defendants").

2.     Defendants' identically titled song, "Don't Wake Me Up," infringes the exclusive rights of Gregor's musical work, "Don't Wake Me Up," within the general scope of copyright as specified by 17 U.S.C. § 106. Consequently, Gregor seeks damages, restitution, and/or injunctive relief under the federal Copyright Act (17 U.S.C. § 101, *et seq.*) and California Business and Professions Code.

3.     Gregor also pleads breach of confidence, fraud, and negligent misrepresentation based on Defendants' acts alleged herein.

**THE PARTIES**

4.     Plaintiff, as set forth in greater detail below, is a musician and lyricist and is the owner and creator the musical work "Don't Wake Me Up," as registered with the United States Copyright Office, Registrations No. SRu 1-176-091, PAu 3-738-251, and TXu 1-921-089.  Plaintiff Gregor is and was at all times mentioned herein a citizen of the State of California residing in Los Angeles County.

5.     On information and belief, Defendant SONY MUSIC ENTERTAINMENT is the parent company of RCA Records. RCA released the album *Fortune,* which

**COMPLAINT**

2

contains the infringing composition and sound recording "Don't Wake Me Up." On information and belief, SONY MUSIC ENTERTAINMENT is a wholly owned subsidiary of Defendant SONY CORPORATION OF AMERICA. Defendant Sony Music Entertainment is a Delaware Partnership with its principal place of business at 550 Madison Avenue, New York, New York.

6.     On information and belief, Defendant SONY CORPORATION OF AMERICA is a New York corporation with its principal place of business at 550 Madison Avenue, New York, New York.

7.     On information and belief, Defendant CHRISTOPHER MAURICE BROWN aka CHRIS BROWN ("Brown") is a writer and publisher of the infringing musical composition and a performer of the infringing sound recording "Don't Wake Me Up." On information and belief, Brown is a resident of Los Angeles, California, and, at all relevant times, is and was doing business in the State of California within this judicial district.

8.     On information and belief, Defendant BRIAN KENNEDY ("Kennedy") is a writer and producer of the infringing musical composition and a producer of the infringing sound recording "Don't Wake Me Up." On information and belief, Kennedy is a resident of Los Angeles, California and, at all relevant times, is and was doing business in the State of California and within this judicial district.

9.     On information and belief, Defendant ALAIN WHYTE ("Whyte") is a writer of the infringing musical composition "Don't Wake Me Up." On information and belief, Whyte is a resident of Los Angeles, California and, at all relevant times, is and was doing business in the State of California and within this judicial district.

10.     On information and belief, Defendant ALLESSANDRO BENASSI ("Alle Benassi") is a writer and producer of the infringing musical composition and a producer and performer of the infringing sound recording "Don't Wake Me Up." On information and belief, Alle Benassi is a resident of Italy and, at all relevant times, is and was doing business in the State of California and within this judicial district.

**COMPLAINT**

11.     On information and belief, Defendant MARCO BENASSI is a writer and producer of the infringing musical composition and a producer and performer of the infringing sound recording "Don't Wake Me Up." On information and belief, Marco Benassi is a resident of Italy and, at all relevant times, is and was doing business in the State of California and within this judicial district.

12.     On information and belief, Defendant JEAN-BAPTISTE aka FREESCHOOL ("Jean-Baptiste") is a writer of the infringing musical composition and producer of the infringing sound recording "Don't Wake Me Up." On information and belief, Jean-Baptiste is a resident of Los Angeles, California and, at all relevant times, is and was doing business in the State of California and within this judicial district.

13.     On information and belief, Defendant MICHAEL McHENRY ("McHenry") is a writer of the infringing musical composition "Don't Wake Me Up." On information and belief, McHenry is a resident of Los Angeles, California and, at all relevant times, is and was doing business in the State of California and within this judicial district.

14.     On information and belief, Defendant NICK MARSH aka PUBLIC ("Marsh") is a writer of the infringing musical composition and a producer and performer of the infringing sound recording "Don't Wake Me Up." On information and belief, Marsh is a resident of Los Angeles, California and, at all relevant times, is and was doing business in the State of California and within this judicial district.

15.     On information and belief, Defendant PRISCILLA HAMILTON aka PRISCILLA RENEA ("Hamilton") is a writer of the infringing musical composition "Don't Wake Me Up." On information and belief, Hamilton is a resident of Atlanta, Georgia and, at all relevant times, is and was doing business in the State of California and within this judicial district.

16.     On information and belief, Defendant RYAN BUENDIA ("Buendia") is a writer of the infringing musical composition "Don't Wake Me Up." On information and belief, Buendia is a resident of Los Angeles, California and, at all relevant times,

WIRTZ LAW APC
TRIAL ATTORNEYS
Business | Real Estate | Employment | Intellectual Property
4365 Executive Drive, Suite 1460   1801 Century Park East, 25ᵗʰ Floor
San Diego, CA 92121                Los Angeles, CA 90067
858.259.5209                       310.226.5151.

**COMPLAINT**

is and was doing business in the State of California and within this judicial district.

17.   On information and belief, Defendant WILLIAM ORBIT ("Orbit") is a writer of the infringing musical composition and producer of the infringing sound recording "Don't Wake Me Up." On information and belief, Orbit is a resident of Los Angeles, California and, at all relevant times, is and was doing business in the State of California and within this judicial district.

18.   Plaintiff is not aware of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious names. When Plaintiff has ascertained the true names and capacities of said defendants, Plaintiff will seek leave of this Court to amend this complaint accordingly. On information and belief, each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in this complaint, and Plaintiff alleges that her damages were proximately and legally caused by defendants' conduct.

19.   At all material times, Plaintiff alleges, each defendant was the agent, servant and employee of each of the remaining defendants, and was acting within the purpose, scope and course of said agency, service and employment, with the express and/or implied knowledge, permission and consent of the remaining defendants, and each of them, and each of said defendants ratified, approved of, and/or accepted the benefits of such acts.

## JURISDICTION AND VENUE

20.   This Court has personal jurisdiction over Defendants because they conduct business in the State of California within this judicial district, and/or they are domiciled within the state and/or have consented to personal jurisdiction and/or because the Defendants have maintained minimum contacts with this forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice and/or because the Defendants have maintained activities which are substantial, continuous and systematic and/or the Defendants have purposefully established contacts with this forum and/or the claims alleged arise out of or are related

---

**COMPLAINT**

to Defendants' contacts with this forum.

21.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1397. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff's claims are, in part, based on violations of the Copyright Act, as amended, 17 U.S.C. § 101, *et seq*. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1332, 1338(b), and 1367.

22.     Venue lies in the Central District of California pursuant to 28 U.S.C. § 1391(b) and (c). Plaintiff is informed and believes that several Defendants reside in this judicial district, all Defendants transact or have transacted business in this judicial district, and may be otherwise found here, and a substantial part of the events, omissions, and injuries giving rise to Plaintiff's claims occurred in this judicial district.

## COPYRIGHT REGISTRATION

23.     Plaintiff Gregor complied with the Copyright Act, all formalities required by the Copyright Office, and all other laws governing copyrights, and received the exclusive rights and privileges in and to the copyright of "Don't Wake Me Up," and received from the Register of Copyrights certificates of copyright, dated and identified as follows:

a.     Copyright Registration No. SRu 1-176-091, effective date August 20, 2014 for a sound recording titled "Don't Wake Me Up," a work completed in 2009;

b.     Copyright Registration No. PAu 3-738-251, effective date September 5, 2014 for music and lyrics titled "Don't Wake Me Up," a work completed in 2009; and

c.     Copyright Registration No. Txu 1-921-089, effective date January 21, 2015 for text titled "Don't Wake Me Up," a work completed in 2009.

24.     Tangible copies of "Don't Wake Me Up" have not been distributed or sold to the public. Any copies found widely disseminated have not been released under the authority or consent of Plaintiff, the copyright holder.

**COMPLAINT**

WIRTZ LAW APC
TRIAL ATTORNEYS
Business | Real Estate | Employment | Intellectual Property
4365 Executive Drive, Suite 1460   1801 Century Park East, 23rd Floor
San Diego, CA 92121                Los Angeles, CA 90067
858.259.5009                       310.226.5151

**GENERAL ALLEGATIONS**

25.    On or about April 2, 2009, Gregor completed writing the lyrics to her original song "Don't Wake Me Up."  Gregor finished recording the first version of "Don't Wake Me Up" on October 12, 2009.

**Intentional Copying of Plaintiff's "Don't Wake Me Up" and Defendant Kennedy's Fraud and Deception in Furtherance Thereof**

26.    In early 2011, Gregor was introduced to Defendant Brian Kennedy by a publicist and friend of Gregor's, at the friend's home. Gregor's friend told Kennedy that Gregor was a songwriter with great material. While at her friend's home, Gregor played some of her music for Kennedy on her phone. Upon hearing some of her work, Kennedy expressed that he was impressed and remarked, "This is really good." Purportedly interested in hearing more of Gregor's material, Kennedy requested to set up a meeting with Gregor at his studio in Burbank. He claimed he was looking for new songwriters to add to his team, implying that Plaintiff should come in for an interview for a spot on his song writing team. Kennedy and Plaintiff exchanged phone numbers and texted each other leading up to the meeting. Her friend scheduled the follow-up meeting for Gregor to meet at the Boom Boom Room Recording Studios in Burbank, California on April 13, 2011.

27.    To prepare for the meeting with Defendant Kennedy, Gregor created an iTunes play list entitled "Nayri_BK."  On that playlist were the following songs in order: Nay_3 (Give Me A Piece of Your Heart); Nay_ (Heart Attack); Nay_5 (Burning Up); Don't wake me up take 1; Nay_2; Nay_4; Forgive You Mix 2; Take Me; Livin your life; Nay_6 (Burning Up); Rock it out; Lie out Loud-Ref 1; I'm Complete_Hook. Nayri copied this playlist to a demo CD.

28.    On April 13, 2011, Gregor met with Defendant Kennedy at Boom Boom Room Recording Studio located at 4321 W. Magnolia Blvd., in Burbank, California. Also present at this meeting were two other persons.

**COMPLAINT**

7

29.     Upon arriving at the Boom Boom Room Recording Studios on April 13, 2011, Gregor, had to be granted access into the secured building. Inside the studio, Kennedy took his seat behind a desk with two computer monitors, both facing towards Kennedy, and Gregor and the two others sat across from Kennedy, such that only Kennedy could see the two computer screens, while he sampled the demo CD.

30.     After some small talk, Defendant Kennedy asked to hear Gregor's songs. Gregor handed Kennedy the demo CD she had prepared, which included her "Don't Wake Me Up" song.  Kennedy moved to place the CD into his computer, but assured Gregor  "Don't worry, I'm not downloading it."

31.     Gregor, relying on Kennedy's representation that he would not download her demo CD onto his computer, allowed Kennedy to insert the CD into his computer and access its content in order to play the songs aloud. Kennedy also failed to disclose prior to sampling Gregor's music that he was "[g]ifted with the ability to hear and memorize scales and melodies" and that "he would take songs and make them his own...." as stated on Kennedy's Facebook page and on his Wikipedia page.

32.     Unbeknownst to Gregor at the time and on information and belief, Kennedy began downloading Gregor's Songs onto his computer for future use. While surreptitiously downloading Gregor's song, Kennedy played the song aloud and reacted positively to it.

33.     Kennedy then handed the CD back to Gregor and falsely said that they should meet again in the near future.

34.     However, unbeknownst to Gregor, Kennedy's only intention in meeting with Gregor was to take advantage of an up-and-coming songwriter and to get access to use her songs without compensation to her and without permission from her.

35.     In the following weeks, specifically on or about April 18, 2011, and twice again on April 27, 2011, Gregor texted Kennedy, but he refused to respond. On April 18, 2011, Gregor sent Kennedy an initial follow-up text message inquiring about when they would meet again to work together. Kennedy did not respond to these text

**COMPLAINT**

messages that were sent to the same number to which Kennedy had responded to Gregor in setting up the meeting. Not hearing from Kennedy, on April 27, Gregor followed-up again, sending Kennedy another text message asking him if he needed any help on the projects they had discussed during the meeting at Boom Boom Room Recording Studio. Kennedy never responded to any of these text messages. At that point, Kennedy had clearly gotten what he wanted from Gregor.

36.     On information and belief, after their meeting, Kennedy presented Gregor's musical composition and/or her sound recording of the same to his group of songwriters and producers, including Allessandro Benassi, Benny Benassi, Jean Baptiste, Michael McHenry, Alaine Whyte, Ryan Beundia, Priscilla Renea Hamilton, Nick Marsh, William Orbit and Chris Brown (all of whom are credited for the Infringing Work on Chris Brown's "Fortune" album),  and played it, sung it, outlined it, or otherwise conveyed Gregor's Musical Work for them. Together, Defendants collaborated to write and produce the infringing work based on Gregor's "Don't Wake Me Up."

**Unauthorized Recording, Release, and Exploitation of "Don't Wake Me Up"**

37.     The new version of "Don't Wake Me Up" ("the Infringing Work"), was then recorded by Chris Brown as part of his fifth album, "Fortune," which was released in the United States by RCA Records (Sony Music Entertainment) on May 18, 2012.

38.     The Infringing Work has since been performed at a number of public events by Chris Brown, including on June 8, 2012, on NBC's "Today" show; on July 1, 2012, at the 2012 BET Awards; and on Chris Brown's "Carpe Diem Tour" which began on November 14, 2012.

39.     In the June 9, 2012 issue of the United States *Billboard* Hot 100, Chris Brown's "Don't Wake Me Up" debuted at number 89. The song entered the top ten in the November 10, 2012 issue of *Billboard.*

40.     On or about June 11, 2012, the music video for Chris Brown's infringing "Don't Wake Me Up" song, directed by Colin Tilley, premiered.

41.     Upon information and belief, on September 20, 2012, the U.S. Copyright

Office granted Registration No.: PA0001806232 for a work entitled "Don't Wake Me Up" ("the '232 Copyrighted Work"). Upon information and belief, the following individuals and entities are identified as the copyright claimant for the '232 Copyrighted Work: Alain Whyte; Ultra International Music Publishing; Basic Studio SRL; Cock an Ear Production; Jean Baptiste Music; Cherry Lane Music Publishing; Ryan Buendia Music; Songs of Kobalt Music Publishing; Borrow Gang; BMG Ruby Songs; The Bad Bad Guys; Universal Music Publishing; B-Uneek Songs; Culture Beyond Ur Experience Publishing; Priscilla Renea Productions; Power Pen Associated; Meloists Music; Ryan Buendia; Michael McHenry Music; Downtown Music Publishing; Discovery One; Nick Marsh; Guerilla Studios LTD. Upon information and belief, the following individuals are identified as the authors of the music and lyrics for the '232 Copyrighted Work: Alle Benassi, pseudonym of Alessandro Benassi; Benny Benassi, pseudonym of Marco Benassi; Jean Baptiste Kouame; Free School, pseudonym of Nick Marsh; Michael McHenry; Alain Whyte; Brian Kennedy; Brian Kennedy Seals; Chris Brown, pseudonym of Christopher Maurice Brown; Priscilla Renea, pseudonym of Priscilla Renea Hamilton; Ryan Buendia; William Orbit.

### Substantial Similarity Between the Infringers' "Don't Wake Me Up" and Plaintiff's Copyrighted "Don't Wake Me Up"

42.     The Infringing Work and Gregor's Original "Don't Wake Me Up" are substantially similar in at least the following ways:

a.     The titles are identical;

b.     The lyrics are similar throughout and identical lyrics exist;

c.     Both songs begin with spoken words by a female voice;

d.     The "hook," the musical setting, and the most memorable and recognizable part of a song is identical. The words of the hook are identical, both songs use the same rhythmic figure to set those words, "Don't Wake Me Up," and that rhythmic figure is in the same relationship to the overall beat; and

**COMPLAINT**

WIRTZ LAW APC
TRIAL ATTORNEYS
Business | Real Estate | Employment | Intellectual Property
4365 Executive Drive, Suite 1460    1801 Century Park East, 23rd Floor
San Diego, CA 92121                 Los Angeles, CA 90067
858.259.5009                        310.226.5151

e.      Both songs are built on a repeating cycle of four chords.

## FIRST CLAIM FOR RELIEF

### Direct, Contributory, and Vicarious Copyright Infringement

### *Against All Defendants*

### (17 U.S.C. § 501 et seq.)

43.     Plaintiff Gregor realleges and incorporates herein by reference the matters alleged in each of the foregoing paragraphs as though set forth in full at this point.

44.     Plaintiff is the registered owner of Registrations No. SRu 1-176-091, PAu 3-738-251, and Txu 1-921-089 for Plaintiff's Musical Work "Don't Wake Me Up."

45.     Defendants have copied wholly original constituent elements of Plaintiff's work in Brown's identically named Infringing Work "Don't Wake Me Up," including the Plaintiff's song's title and the "hook."

46.     Defendant Kennedy had direct access to Plaintiff's work when, on April 13, 2011, he met with Plaintiff, listened to her demo CD and, on information and belief, downloaded Plaintiff's song onto his computer and/or memorized Plaintiff's song. On information and belief, all other defendants then had direct access to Plaintiff's work when Kennedy presented Ms. Gregor's musical composition and/or sound recording to them.

47.     On information and belief, Defendants then wrote, composed, produced, recorded, distributed, and/or performed Brown's infringing and derivative musical composition "Don't Wake Me Up," the infringing sound recording of "Don't Wake Me Up," and the music video and other products embodying the infringing musical composition and sound recording "Don't Wake Me Up."

48.     Plaintiff's copyrighted musical composition and Defendants' infringing song are substantially similar in at least the following ways:

a.      The titles are identical;

b.      The lyrics are similar throughout and identical lyrics do also exist;

c.      Both songs begin with spoken words by a female voice;

WIRTZ LAW APC
TRIAL ATTORNEYS

Business | Real Estate | Employment | Intellectual Property

4365 Executive Drive, Suite 1460    1801 Century Park East, 23rd Floor
San Diego, CA 92121                 Los Angeles, CA 90067
858.259.5009                        310.226.5151

## COMPLAINT

d.    The "hook," the musical setting and the most memorable and recognizable part of a song, is identical. The words of the hook are identical, both songs use the same rhythmic figure to set those words, "Don't Wake Me Up," and that rhythmic figure is in the same relationship to the overall beat; and

e.    Both songs are built on a repeating cycle of four chords.

49.    Defendants have infringed Plaintiff's exclusive rights in her musical work, including Plaintiff's exclusive rights to reproduce, distribute, publicly perform, publicly display, create derivative works, and/or publicly perform by means of a digital audio transmission.

50.    On information and belief, the infringing song entitled "Don't Wake Me Up," was released by RCA Records via the iTunes Store on or about May 18, 2012. On that date Defendants began to distribute reproductions of the infringing song.

51.    On or about June 11, 2012, the music video for Chris Brown's infringing "Don't Wake Me Up" song, directed by Colin Tilley, premiered.

52.    Defendant Brown performed the infringing song on many occasions since the release of the "Fortune" album, including but not limited to:

a.    June 8, 2012, on NBC's "Today" show;

b.    July 1, 2012, at the 2012 BET Awards; and

c.    On Brown's "Carpe Diem Tour" which, on information and belief, began on November 14, 2012.

53.    Defendants have infringed Plaintiff's copyright interest in her musical composition and/or sound recording "Don't Wake Me Up" including: (a) by substantially copying and publicly performing, or authorizing the copying and public performances, including publicly performing the Infringing Work at radio, live concerts, personal appearances, and on film, video, television, and otherwise; (b) by authorizing the reproduction, distribution and sale of the records and digital downloads through the execution of licenses, and/or actually selling, manufacturing, and/or distributing the Infringing Work through various sources; (c) by substantially copying

COMPLAINT

WIRTZ LAW APC
TRIAL ATTORNEYS
Business | Real Estate | Employment | Intellectual Property
4365 Executive Drive, Suite 1460       1801 Century Park East, 23rd Floor
San Diego, CA 92121                     Los Angeles, CA 90067
858.259.5009                            310.226.5151

and the related marketing and promotion of the sale of the records, videos, tickets to concerts and other performances, and other merchandise; and by participating in and furthering the aforementioned infringing acts, and/or sharing in the proceeds therefrom, all through substantial use of "Don't Wake Me Up" in and as part of the Infringing Work, packaged in a variety of configurations and digital downloads, mixed and version, and performed in a variety of ways including radio, concerts, personal appearances, film, video and/or otherwise.

54.     As a direct, proximate, and legal result of the infringing conduct by defendants, Plaintiff is entitled to an award of actual damages, including but not limited to a reasonable royalty, and any profits of the defendants that are attributable to their infringement and are not taken into account in computing the actual damages pursuant to 17 U.S.C. §504(b).

55.     Alternatively, as a direct, proximate, and legal result of the infringing conduct by defendants, Plaintiff may elect to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action as the court considers just pursuant to 17 U.S.C. §504(c)(1).

56.     The Defendants infringement was knowing, willful and in disregard of Plaintiff's rights.  Plaintiff is therefor entitled to increased statutory damages as well, pursuant to 17 U.S.C. §504(c)(2).

57.     Defendants threaten to continue to do the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Gregor's irreparable damage.  It would be difficult to ascertain the amount of compensation which could afford Gregor adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required. Gregor's remedy at law is not adequate to compensate her for injuries threatened.

58.     Plaintiff is also entitled to costs and attorney's fees pursuant to 17 U.S.C. §505.

**COMPLAINT**

13

## SECOND CLAIM FOR RELIEF

### Unfair Competition

### *Against All Defendants*

### (Cal. Bus. & Prof. Code § 17200, *et. seq.*)

59.     Plaintiff Gregor realleges and incorporates herein by reference the matters alleged in each of the foregoing paragraphs as though set forth in full at this point.

60.     Defendants' conduct alleged herein constitutes unfair competition, including without limitation unlawful, unfair and/or fraudulent acts or practices within the meaning of Business and Professions Code section 17200.

61.     Defendants' conduct is unlawful in that it violates the Federal Copyright Act.

62.     Defendant Kennedy's conduct in falsely asserting that the purpose of his meeting with Plaintiff was to find new writers to sign on to his publishing team, while actually intending to steal Plaintiff's work, and falsely assuring Plaintiff "Don't worry, I'm not downloading it," when he was in fact downloading Plaintiff's song for later copying,  constitutes a fraudulent business practice in violation of California Business and Professions Code section 17200.

63.     By way of Defendants' violation of California Business and Professions Code §17200, Plaintiff is entitled to restitution of any money or property which may have been acquired by Defendants by means of their unfair competition, pursuant to Cal. Bus. & Prof. Code §17203.

64.     Plaintiff is also entitled to injunctive relief pursuant to Cal. Bus. & Prof. Code §17203.

## THIRD CLAIM FOR RELIEF

### Breach of Confidence

### *Against Defendant Kennedy*

65.     Plaintiff Gregor realleges and incorporates herein by reference the matters alleged in each of the foregoing paragraphs as though set forth in full at this point.

**COMPLAINT**

66.     Plaintiff Gregor conveyed confidential and novel information to Defendant Kennedy concerning her copyrightable material.

67.     Defendant Kennedy received such confidential and novel information from Plaintiff Kennedy with knowledge that such information was disclosed in confidence.

68.     Plaintiff Gregor conveyed and Defendant Kennedy received such confidential and novel information with the understanding that Plaintiff's confidences were to be maintained by Defendant.

69.     Notwithstanding Defendant Kennedy's understanding that he was to maintain Plaintiff Gregor's confidences, Defendant Kennedy disclosed and used, and along with the other defendants, continues to disclose and use, such confidential and novel information in violation of the understanding between Plaintiff Gregor and Defendant Kennedy.

70.     As a direct and proximate cause of Defendant Kennedy's breach, Plaintiff Gregor has suffered and continues to suffer damages in an amount to be determined at trial.

71.     At all relevant times, Defendant's wrongful conduct was (a) despicable and subjected Plaintiff to cruel and unjust hardship in conscious disregard of her rights; (b) malicious, in that Kennedy's conduct was intended to cause injury to Plaintiff and/or was despicable conduct which was carried on with a willful and conscious disregard of the rights of Plaintiff; and (c) was fraudulent, in that Kennedy intentionally misrepresented, deceived, and/or concealed material facts with the intent to deprive Plaintiff of her intellectual property and other legal rights. Accordingly, as a direct, proximate, and legal result of Kennedy's wrongful conduct, Plaintiff is entitled to an award of exemplary and punitive damages against Defendant Kennedy.

**COMPLAINT**

# FOURTH CLAIM FOR RELIEF

## Fraud

### *Against Defendant Kennedy*

72.     Plaintiff Gregor realleges and incorporates herein by reference the matters alleged in each of the foregoing paragraphs as though set forth in full at this point.

73.     Defendant Kennedy engaged in fraudulent concealment when meeting Gregor at Gregor's friend's home and requesting to set up a meeting with Gregor to hear her music.  Kennedy led Gregor to believe that he was looking for new songwriters to add to his team, and implied that Plaintiff should come in for an interview for a spot on his writing team.  In this initial interaction with Plaintiff as well an in Plaintiff and Kennedy's subsequent text messages setting up and discussing their upcoming meeting he failed to disclose the true purpose of their April 13, 2011 meeting at the Boom Boom Room Recording Studios.  Defendant Kennedy intended that Plaintiff, in reliance upon Kennedy's failure to disclose his true purpose in meeting with Plaintiff and his assurance that "Don't worry, I'm not downloading it," allow him to listen to Plaintiff's original song, and to insert the demo CD containing that song into his computer so that he could download same and/or memorize it. Plaintiff did so rely upon Defendant's fraudulent concealment, and allowed Defendant to listen to her musical work and to insert her demo CD into his computer, to her detriment.

74.     Defendant Kennedy engaged in intentional misrepresentation when he misrepresented to Plaintiff that the purpose of the April 13, 2011 meeting was to determine if he wished to hire Plaintiff to write songs for his publishing company.  In fact, Defendant's true purpose in arranging and attending the April 13, 2011 meeting was to appropriate Plaintiff's original song without Plaintiff's permission and without compensation to Plaintiff.  Defendant Kennedy intended that Plaintiff, in reliance upon his misrepresentation of his purpose in meeting with Plaintiff, allow him to listen to Plaintiff's original song, and to insert the demo CD containing that song into his computer  so that he could download same and/or memorize it. Plaintiff did so rely

upon Defendant's intentional misrepresentation, to her detriment.

75.     Defendant Kennedy engaged in intentional misrepresentation when, on April 13, 2011, at the Boom Boom Room Recording Studios at 4321 W. Magnolia Blvd. in Burbank CA, Kennedy told Plaintiff "Don't worry, I'm not downloading it," when he was, in fact, downloading Plaintiff's original song. Defendant Kennedy intended that Plaintiff, in reliance upon his misrepresentation, allow him to insert the demo CD containing Plaintiff's song into his computer so that he could download same. Plaintiff did so rely upon Defendant's intentional misrepresentation, to her detriment.

76.     As a result of Plaintiff's reliance upon Defendant Kennedy's concealment and intentional misrepresentations, and Kennedy's subsequent copying of Plaintiff's song and distribution of same, Plaintiff is now unable to sell or license her song to others, to use her song when marketing her songwriting skills to other producers, or to release or sell her recording of her "Don't Wake Me Up" to the public.

77.     As a direct and proximate cause of Defendant Kennedy's breach, Plaintiff Gregor has suffered and continues to suffer damages in an amount to be determined at trial.

78.     At all relevant times, Defendant's wrongful conduct was (a) despicable and subjected Plaintiff to cruel and unjust hardship in conscious disregard of her rights; (b) malicious, in that Kennedy's conduct was intended to cause injury to Plaintiff and/or was despicable conduct which was carried on with a willful and conscious disregard of the rights of Plaintiff; and (c) was fraudulent, in that Kennedy intentionally misrepresented, deceived, and/or concealed material facts with the intent to deprive Plaintiff of her intellectual property and other legal rights. Accordingly, as a direct, proximate, and legal result of Kennedy's wrongful conduct, Plaintiff is entitled to an award of exemplary and punitive damages against Defendant Kennedy.

**COMPLAINT**

## FIFTH CLAIM FOR RELIEF

### Misappropriation of Ideas

#### *Against All Defendants*

79.     Plaintiff Gregor realleges and incorporates herein by reference the matters alleged in each of the foregoing paragraphs as though set forth in full at this point.

80.     The acts of defendants, as alleged above, constitute misappropriation of ideas.

81.     By reason of Defendants' acts alleged herein, Gregor has and will suffer damages to her business, reputation and good will and the loss of sales and profits Gregor would have made but for Defendants' acts.

82.     Defendants threaten to continue to do the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Gregor's irreparable damage. It would be difficult to ascertain the amount of compensation which could afford Gregor adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required.  Gregor's remedy at law is not adequate to compensate her for injuries threatened.

83.     As direct, proximate, and legal result of this misappropriation by Defendants, Gregor has been damaged in an amount to be proven at the trial of this action. The precise amount of these damages is not presently ascertainable but exceeds the sum of at least $75,000 on information and belief.

84.     At all relevant times, Defendant's wrongful conduct was (a) despicable and subjected Plaintiff to cruel and unjust hardship in conscious disregard of her rights; (b) malicious, in that Kennedy's conduct was intended to cause injury to Plaintiff and/or was despicable conduct which was carried on with a willful and conscious disregard of the rights of Plaintiff; and (c) was fraudulent, in that Kennedy intentionally misrepresented, deceived, and/or concealed material facts with the intent to deprive Plaintiff of her intellectual property and other legal rights. Accordingly, as a direct, proximate, and legal result of Kennedy's wrongful conduct, Plaintiff is entitled to an

---

**COMPLAINT**

18

award of exemplary and punitive damages against Defendant Kennedy.

**PRAYER**

WHEREFORE, Plaintiff Gregor prays for relief against Defendants as follows:

1.     An award of actual damages pursuant to 17 U.S.C. §504(b), including actual damages, and the profits of the Defendants as will be proven at trial, or in the alternative, statutory damages pursuant to 17 U.S.C. §504(c), in the amount of $150,000 for each act of infringement.

2.     On Plaintiff's claims for breach of confidence, fraud, and misappropriation of ideas, compensatory and special damages in accordance with proof at trial.

3.     On Plaintiff's claim for violation of Cal. Bus. & Prof. Code §17200, restitution, in an amount according to proof at trial.

4.     For punitive and exemplary damages where available.

5.     For the costs of this suit and the reasonable attorneys' fees incurred by Gregor in investigating and prosecuting this action.

6.     For a preliminary and permanent injunction to restrain the further infringement of Plaintiff's exclusive rights.

7.     For an order impounding all copies of Defendants' infringing song made or used in violation of Plaintiff's exclusive rights.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**COMPLAINT**

8.    For any other and additional relief as is just and proper.

Respectfully Submitted,

DATED:    May 12, 2015                    **W I R T Z  L A W  A P C**

By:    s/  Richard M. Wirtz
Richard M. Wirtz (SBN 137812)
rwirtz@wirtzlaw.com
Erin K. Barns (SBN 286865)
ebarns@wirtzlaw.com
Joshua N. Sams (SBN 279682)
jsams@wirtzlaw.com
WIRTZ LAW APC
4365 Executive Drive, Ste 1460
San Diego, CA 92121
voice:          858.259.5009

Thomas D. Foster (SBN 213414)
TD Foster - Intellectual Property
Law
11622 El Camino Real Suite 100
San Diego, CA 92130
voice: 858.922.2170
foster@TDFoster.com

Attorneys for Plaintiff NAYERI
GREGOR aka NAYRI

**COMPLAINT**

20